

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00118-CR

**JAMES DARRELL KING,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 13373-A**

## MEMORANDUM OPINION

James Darrell King pled guilty to the offense of injury to a child and placed on

community supervision for five years. *See* TEX. PENAL CODE ANN. § 22.04(f). Pursuant to

a motion to revoke to which King pled true to 12 allegations and untrue to six allegations,

King's community supervision was revoked, and King was sentenced to 10 years in

prison.

King's appellate attorney filed a motion to withdraw and an *Anders* brief in

support of the motion to withdraw, asserting that King's appeal presents no issues of

arguable merit.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Counsel advised King that counsel had filed the motion and brief pursuant to *Anders*, advised King of his right to review the record, and advised King of his right to submit a response on his own behalf.  King did not submit a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including the sufficiency of the evidence to support revocation; the timeliness of the State's motion to revoke; and the reasonableness of the sentence.  After the review, counsel concludes there is no non-frivolous issue to raise in this appeal.  Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel.  *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous.  *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Arguments are frivolous when they "cannot conceivably persuade the court."  *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that this appeal is frivolous.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.

Crim. App. 2005). Accordingly, we affirm the trial court's Nunc Pro Tunc Judgment Revoking Community Supervision signed on March 27, 2019.

Should King wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of King is granted, and counsel is discharged from representing King. Notwithstanding counsel's discharge, counsel must send King a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed September 11, 2019
Do not publish
[CR25]

